**Neil MARTIN, Plaintiff–Appellant,**

v.

**Michael O. LEVITT \*, Secretary Health and Human Services; et al., Defendants–Appellees.**

No. 05–16253.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.**

Filed Nov. 14, 2006.

---

\* Michael O. Levitt is substituted for his predecessor, Tommy Thompson, as Secretary, Health and Human Services, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Neil Martin, Tucson, AZ, pro se.

Robert L. Miskell, AUSA, Daniel G. Knauss, AUSA, Tucson, AZ, for Defendants–Appellees.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM ***

Neil Martin appeals *pro se* from the district court's order granting summary judgment and dismissing his complaint challenging the Secretary of Health and Human Services' (the "Secretary") denial of his application for Medicare reimbursement. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo a district court's decision upholding the Secretary's denial of benefits and must uphold the Secretary's decision if it is supported by substantial evidence and free of legal error. *Andrews v. Shalala,* 53 F.3d 1035, 1039–40 & n. 1 (9th Cir.1995). We affirm.

The district court properly held that the Secretary's decision was supported by substantial evidence. The out-of-plan services Martin received from two naturopaths do not qualify as "physician services." *See* 42 U.S.C. § 1395x(q) and (r). In addition, the services Martin received do not constitute services "furnished as an incident to a physician's professional service" under 42 U.S.C. § 1395x(s)(2)(A) because there is no evidence that a physician directly supervised the naturopaths who provided the services. *See* 42 C.F.R. § 405.2413(a)(4). Finally, the medications Martin received are not reimbursable because they do not constitute "medical and other health services" as defined under 42 U.S.C. § 1395x(s)(2)(A).

Martin's contention that the services were reimbursable under 42 C.F.R. § 410.58 is without merit because although the facts satisfy subsection (b), those services must be provided incident to a physician's services under subsection (a) to be reimbursable.

■ Martin's final contention is that he is entitled to reimbursement for his jaw surgery. The Administrative Law Judge properly declined to consider this issue because Martin failed to exhaust this claim by seeking reimbursement from his insurer. *See* 42 C.F.R. § § 405.801 and 424.44.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.